# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| CASE NUMBER | 11-cv-5611 | DATE | 6-20-12 |
| CASE TITLE | Grant v. Santander Consumer USA Inc. | | |

## DOCKET ENTRY TEXT

Counter-Defendant's Motion to Dismiss Counterclaim [54] is denied. See statement below.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Counterdefendant Grant filed his first complaint against Counterplaintiff Santander Consumer USA Inc. ("Santander") in the Northern District of Illinois on August 17, 2011, and filed an Amended Complaint on September 13, 2011. Santander had previously filed suit against Grant in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, but dismissed this state claim without prejudice and seeks to reincorporate that cause of action into the matter pending against Grant in this Court. (Resp. at 3.) Santander filed its Amended Counterclaim on February 9, 2012.

    The facts surrounding Santander's Amended Counterclaim are as follows: in 2006, Grant entered into a Note and Security Agreement with E-Loan, Inc. for $12,000.00 in order to purchase a vehicle. (Am. Counterclaim ¶ 3.) The Note was sold and assigned to Citi, and Santander, pursuant to an agreement with Citi, began servicing some of Citi's accounts, including Grant's Note for the Vehicle. (*Id.*, ¶¶ 6,8.) Grant failed to remit payments on the Note, and Santander hired Third-Party Defendant American Recovery Service Incorporated to repossess the Vehicle, which it did in December 2010. (*Id.*, ¶¶ 9-10.) In a bizarre twist, Santander alleges Grant then devised a scheme to recover the Vehicle, whereby he created a fictitious letter, purporting to be from Santander's General Counsel, insisting the Vehicle be released directly to Grant. (*Id.*, ¶ 13.) Grant, Santander alleges, sent this letter to American Auto Auction Chicago ("AAAC"), who was holding the Vehicle for Santander, to induce AAAC to release the Vehicle to Grant. (*Id.*, ¶ 13.) AAAC, relying on this spurious letter, released the Vehicle back to Grant. (*Id.*, ¶ 14.) Santander further alleges Grant next forged the name of an unknown party, purported to be an agent of E-Loan, on the Certificate of Title under the "Release of Lien" section, submitted this to the Illinois Secretary of State, and was issued a new Certificate of Title for the Vehicle, with no lien-holders listed. (*Id.*, ¶ 16.) Santander alleges Grant wrongfully and unlawfully possesses the Vehicle and has failed to remit payments. (*Id.*, ¶ 17.) These facts are the basis of Santander's Amended Counterclaim against Grant.

    Grant moves to dismiss Santander's Amended Counterclaim and submitted a befuddling and disjointed memorandum in support of his motion. A briefing schedule was set for this motion, and Santander was permitted to, and did, submit a Response on March 28, 2012. Grant's Reply was due on April 30, 2012, but not filed until May 4, 2012.

## STATEMENT

It is unclear on what grounds Grant seeks to dismiss Santander's Amended Counterclaim; among the many rules and cases copied in his memorandum, Grant states: "the Counter-Plaintiff has FAILED to state a claim to [sic] which relief can be granted under 12(b)(6). Should be therefore [sic] this matter must be dismissed for lack of political, personam, and subject matter jurisdiction, Venue and under the 11th amendment." (Mot. at 2.) Grant's motion will be construed to be seeking dismissal of Santander's counter-claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

First, Santander has properly stated a claim upon which relief may be granted. To properly assert a claim in a complaint, the plaintiff must present: "(1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. The Federal Rules further provide that a defendant may assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). Santander's Amended Counterclaim pleaded more than sufficient factual information necessary to support its claims against Grant.

To the extent Grant argues Santander failed to state a claim because it failed to plead a statement regarding the Court's jurisdiction, this argument is rejected as it is a misstatement of the law. Santander's Amended Counterclaim properly meets the requirements of Fed. R. Civ. P. 13(a), which requires a compulsory counterclaim to "(A) arise[] out of the same transaction or occurrence that is the subject matter of the opposing party's claim; and (B) . . . not require adding another party over whom the court cannot acquire jurisdiction." Santander's counterclaim clearly arises out of the same set of facts as the claims set out in Grant's Amended Complaint, and therefore meets the "logical relationship" test followed by the Seventh Circuit. *See JF Enterprises, LLC v. Fifth Third Bank*, 824 F. Supp. 2d 818, 826 (N.D. Ill. 2011).

Moreover, the Court has supplemental jurisdiction over Santander's Amended Counterclaim under Section 1367(a) as it concludes Santander's claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see Adams Street Joint Venture v. Harte*, 231 F. Supp. 2d 759, 762 (N.D. Ill.2002) (providing Section 1367(a) "permits district courts to maintain supplemental jurisdiction over counterclaims, whether compulsory or permissive, so long as the counterclaims are 'so related to' the original claims." ) (quoting *Rothman v. Emory Univ.*, 123 F.3d 446, 454 (7th Cir. 1997)). The standard of Section 1367(a) requires Santander to show at least a "loose factual connection between the claims" in order to establish supplemental jurisdiction, which, as discussed above, it has demonstrated. *See Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).

Because Santander has properly pled its Amended Counterclaim and jurisdiction has been established, Grant's Motion to Dismiss is denied.